IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 1871 07-MD-01871 |

| | | |
|---|---|---|
| THIS DOCUMENT APPLIES TO: | : : | HON. CYNTHIA M. RUFE |
| SAMUEL MORGAN JR. *on behalf of himself and all others similarly situated* v. | : : : : : : | CIVIL ACTION |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : | NO. 10-2401 |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                                                   **July 10, 2013**

The plaintiff in this case is a former user of the prescription diabetes drug Avandia. Plaintiff does not sue on the grounds that he has been physically injured as a result of taking Avandia; instead he seeks a refund of any monies he paid for Avandia, specifically, approximately $40 in insurance co-pays. The case is brought on behalf of a purported class of similarly situated individuals, but no class has been certified. The Court previously granted a motion to dismiss in this case and granted Plaintiff leave to file an amended complaint, which Plaintiff filed and which the defendant, GlaxoSmithKline LLC ("GSK"), has moved to dismiss. The Amended Complaint also will be dismissed.

## I. BACKGROUND

The Court dismissed the initial Complaint, in part, because Plaintiff failed to allege what materials or information his physician relied upon, the circumstances of his use of Avandia, and

how much Plaintiff paid for Avandia. In the Amended Complaint, Plaintiff alleges that he took Avandia for approximately three months, from February until May of 2007.[1] Before taking Avandia, Plaintiff viewed advertisements for Avandia and spoke with his physician about using Avandia instead of metformin.[2] Plaintiff's physician prescribed Avandia for Plaintiff "based on GSK's marketing and statements about its diabetic control and positive effects on the glycemic index."[3] After initial news reports about potential risks associated with Avandia, Plaintiff's physician stopped prescribing Avandia, and Plaintiff alleges that had the physician known of "these risks" of Avandia use, she would not have prescribed Avandia.[4] On June 15, 2007, Plaintiff suffered a stroke which he associates with his use of Avandia,[5] but as noted, Plaintiff has not filed a personal injury suit. Plaintiff alleges that he now takes Januvia to control his diabetes.[6] Finally, in an effort to correct the pleading deficiencies in the original Complaint, Plaintiff has shifted somewhat his allegations concerning the problem with Avandia. Plaintiff now apparently acknowledges that Avandia does lower blood-sugar levels, but alleges that to determine "whether a drug is efficacious in assisting diabetic patients meet their glycemic targets, both glycemic control *and* the risk factor reductions (including reduction in serious side effects) should be considered."[7] Plaintiff alleges that Avandia's risk factors include an increased risk for

---

[1] Am. Compl. ¶ 200.

[2] Am. Compl. ¶ 200.

[3] Am. Compl. ¶ 201.

[4] Am. Compl. ¶¶ 204-05.

[5] Am. Compl. ¶ 207.

[6] Am. Compl. ¶ 208.

[7] Am. Compl. ¶ 12 (footnote omitted).

2

heart-related disease, and therefore Avandia has no health benefit despite controlling blood sugar.[8]

## II. LEGAL STANDARD

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[9] In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[10] Courts are not bound to accept as true legal conclusions couched as factual allegations.[11] Something more than a mere possibility of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[12] The complaint must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory.[13] The court has no duty to "conjure up unpleaded facts that might turn a frivolous action . . . into a substantial one."[14]

---

[8] Am. Comp. ¶ 13 (footnote omitted).

[9] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[10] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[11] Twombly, 550 U.S. at 555, 564.

[12] Id. at 570.

[13] Id. at 562.

[14] Id. (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir.1988)).

3

## III. DISCUSSION

### A. *Unfair Trade Practices and Consumer Protection Law*

Plaintiff, a Pennsylvania resident, alleges violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[15] The statute prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce,"[16] and in addition to listing specific prohibited practices, includes a "catch-all provision" that bars "[e]ngaging in any . . . fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."[17]

Plaintiff alleged violations of the UTPCPL in the initial Complaint, and as in the first motion to dismiss, GSK argues that the statute does not apply to prescription drugs because the learned intermediary doctrine interposes the prescribing physician between the patient and the pharmaceutical company. GSK also argues that even if the statute did apply, Plaintiff has not alleged the elements of a UTPCPL claim.

"Under the learned intermediary doctrine, the drug manufacturer owes a duty of disclosure to the prescribing physician, but it is then the duty of the prescribing physician to communicate any risks or other information about the drug to the patient."[18] As courts have held, "the existence of the 'learned intermediary' doctrine in Pennsylvania makes it difficult, if not impossible, for

---

[15] 73 Pa. Stat. §§ 201-1 *et seq.*

[16] Id. § 201-2.

[17] Id. § 201-2 xxi.

[18] Zafarana v. Pfizer, Inc., 724 F. Supp. 2d 545, 558 (E.D. Pa. 2010).

4

plaintiffs to successfully bring a UTPCPL claim based on a prescription drug."[19] Plaintiff argues that the doctrine does not bar his claims because Defendant 1) subverted the learned intermediary doctrine by providing deceptive information to physicians, so that the prescribing physicians were not "learned"; and 2) provided deceptive information directly to consumers.

In the Amended Complaint, Plaintiff again has failed to allege any facts that would permit him to surmount the hurdle of the learned intermediary rule. "[A] patient in Pennsylvania cannot justifiably rely on the prescription drug manufacturer; instead, it is the prescribing physician who provides the grounds for justifiable reliance."[20] No such reliance has been alleged beyond generalized allegations that his (unidentified) physician viewed Avandia marketing materials. Neither these allegations nor allegations that the drugs were directly marketed to consumers overcome the learned intermediary rule. "Media dissemination of information concerning the existence of these drugs does not enhance the public's ability to acquire them, as the skill and knowledge of the physician still must be brought to bear in a determination of whether the pharmaceutical is appropriate for the patient."[21] Because Plaintiff could not obtain Avandia without a physician's prescription, and the allegations with regard to the prescribing physician's exposure to, and justified reliance on, misleading information from Defendant are insufficient to state a cause of action, the learned intermediary doctrine bars Plaintiff's claim.[22]

---

[19] Id. at 557.

[20] Id.

[21] Albertson v. Wyeth, Inc., 63 Pa. D.&C. 4th 514, at *12 (Phila. Ct. Com. Pl. 2003) (citing Lennon ex rel. Lennon v. Wyeth-Ayerst Labs., Inc., No. 1793 EDA 2000, 2001 WL 755944, at *2 (Pa. Super. Ct. June 14, 2001)).

[22] Smith v. Bristol-Myers Squibb Co., No. 3:06-cv-6053, 2009 WL 5216982, at *11 (D.N.J. Dec. 30, 2009). See also Rivera v. Wyeth-Ayerst Labs., 283 F.3d 315, 320 (5th Cir. 2002) ("explicitly distinguish[ing] valid, contract law suits from the 'no-injury products liability law suit' plaintiffs bring.").

5

Moreover, even if the learned intermediary doctrine did not bar the claim, Plaintiff has failed to allege that he paid more in co-pays for Avandia than he would have paid for metformin or for Januvia.

*B. Unjust Enrichment Claim*

To state a claim for unjust enrichment under Pennsylvania law, the plaintiff must allege that he conferred a benefit on the defendant, that the defendant knew of the benefit and accepted or retained it, and that it would be inequitable to allow the defendant to keep the benefit without paying for it.[23] "[U]njust enrichment is not a substitute for failed tort claims in Pennsylvania but, instead, will generally be used to imply quasi-contract liability."[24] Plaintiff alleges that he was prescribed Avandia for the treatment of his diabetes and he received the product for which he paid. Although he has attempted to fine-tune his allegations, at base Plaintiff alleges that Avandia was not safe, and that GSK knew it was unsafe but promoted the drug anyway, but does not allege that he himself was deprived of the benefit of his bargain.[25] This is fatal to his claim.

## IV. CONCLUSION

Because Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted, Defendant's motion to dismiss will be granted with prejudice.[26] An appropriate order will be entered.

---

[23] Mitchell v. Moore, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999).

[24] Zafarana, 724 F. Supp. 2d at 560-61 (citations omitted).

[25] Albertson v. Wyeth, Inc., 63 Pa. D.&C.4th 514 (Phila. Ct. Com. Pl. 2003).

[26] Plaintiff requests leave to file another amended complaint; however, Plaintiff has not submitted a draft amended complaint and has not explained how the pleading deficiencies, identified in the earlier motion to dismiss, might be remedied. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007). The Court is not persuaded that the equities favor yet another attempt at amendment.